UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHARLES MOORE, JR. | ) | |
| | ) | |
| v. | ) | No. 3:13-01362 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM

I. Introduction

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Docket Nos. 1, 2), filed by the Movant/Petitioner, pro se. The Government has filed a Response (Docket No. 13) to the Motion, and the Defendant has filed a Reply (Docket No. 18).

For the reasons set forth herein, Petitioner's Motion To Vacate (Docket No. 1) is DENIED, and this action is DISMISSED.

II. Procedural and Factual Background

In the underlying criminal case, Petitioner was charged with being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924; possession with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1); and possessing firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (Docket No. 1 in Case No. 3:09-00203). During pretrial proceedings, Petitioner's trial counsel filed a motion to suppress challenging searches of Petitioner's residence during which firearms and illegal drugs were discovered. (Docket No. 30 in Case No. 3:09-00203). The Court held a two-day evidentiary hearing on the motion, and ultimately ruled that the motion

should be denied. (Docket Nos. 43, 44, 55 in Case No. 3:09-00203).

The Petitioner subsequently pled guilty, pursuant to a Plea Agreement, to the drug charge and to being a convicted felon in possession of a firearm. (Docket Nos. 58, 59 in Case No. 3:09-00203). Through the Plea Agreement, the parties agreed to a sentence of 120 months of imprisonment, and the Petitioner reserved the right to appeal the denial of his motion to suppress. (Id.) In accordance with the Plea Agreement, the Court sentenced the Petitioner to the 120-month agreed sentence. (Docket Nos. 66, 67, 68 in Case No. 3:09-00203).

The Petitioner appealed the denial of his motion to suppress, and the Sixth Circuit affirmed. (Docket Nos. 70, 74 in Case No. 3:09-00203). The Petitioner subsequently filed a petition for writ of certiorari in the Supreme Court, which was denied on December 3, 2012. (Docket Nos. 76, 77 in Case No. 3:09-00203).

## III. Analysis

A. The Petitioner's Claims

The Petitioner claims that his conviction and sentence should be vacated because he received the ineffective assistance of trial counsel.

B. The Section 2255 Remedy

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy,

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate,

however, for every error that may have been made in the proceedings leading to conviction. "'To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005)(quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255(b); Ray v. United States, 721 F.3d 758, 761 (6th Cir. 2013); Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. Where the same judge considering the Section 2255 motion also presided over the underlying criminal proceedings, the judge may rely on his own recollection of those proceedings. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 n.4, 52 L.Ed.2d 136 (1977); Ray, 721 F.3d at 761.

The Court has reviewed the pleadings, briefs, transcripts, and records filed in Petitioner's underlying criminal case, as well as the pleadings, briefs, transcripts, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) trial counsel's performance was not within the range of competence demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient

---

set aside or correct the sentence.

performance.  Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011); Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland, 104 S.Ct. at 2052; Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998).  In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 104 S.Ct. at 2065.

In order to establish prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 2068.

Petitioner argues that trial counsel was ineffective for failing to impeach Detective Richard Scott Massey's testimony at the suppression hearing in the underlying criminal case with the testimony of Detective Kenneth Powers given at a state Department of Safety hearing. According to the Petitioner, Detective Powers testified at that hearing that he heard Officer Irizarry saying: "'Here it is' and they were showing the ring where Mr. Moore had the actual ring on his hand, the ring they were looking for in the original search warrant." (Petitioner's Brief In Support, at 12 (Docket No. 2)).  Petitioner contends that counsel should have invoked the Residual Hearsay Rule, Fed. R. Evid. 807, in connection with Detective Powers' testimony.

The transcript of the suppression hearing, however, indicates that trial counsel did ask Detective Massey about Detective Powers' testimony:

Q.  Mr. Moore took the ring off of his finger?

>A. Yes.
>
>Q. Okay. Do you know –
>Do you know Detective Powers?
>
>A. Yes.
>
>Q. And you're aware that Detective Powers testified at a State of Tennessee Department of Safety hearing on January 11th, 2010 concerning this matter?
>
>A. I knew they had a hearing, but I wasn't there. I didn't know anything about what went on there.
>
>Q. And Detective Powers testified at that hearing that the ring – that he saw the ring on Mr. Moore's finger and it was taken off of his finger, as if the police took it off his finger.
>
>A. Maybe he meant it was taken off by Mr. Moore. I don't know. You would have to ask Detective Powers that.
>   I can tell you that I'm the one that actually took possession of it from him, so I was there and know how it was taken off of his hand.

(Transcript of Suppression, at 91 (Docket No. 47) in Case No. 3:09-00203).

Given that trial counsel did impeach Detective Massey with Detective Powers' testimony, the Petitioner's claim that his performance was deficient in that regard is not supported by the record. To the extent the Petitioner argues that trial counsel should have introduced the prior testimony of Officer Powers, who did not testify at the suppression hearing, as substantive evidence under Federal Rule of Evidence 807, he has not established that the testimony would have been admissible under that rule.

In any event, the Petitioner has failed to establish prejudice as a result of any failure with regard to the prior testimony. In the decision denying the suppression motion, the Court assigned little persuasive value to the prior hearing:

> The Government has filed with its post-hearing brief an Initial Order issued by a state administrative judge on January 11, 2010 in a forfeiture matter in which the administrative judge found that the search was invalid because the Defendant

> handed the ring to the officers at the outset of the search. (Docket No. 53-1). The Court attaches little persuasive value to this finding for the following reasons: (1) the order does not identify the individuals who testified at the hearing, nor the nature of their testimony, nor whether the issue of the timing of the ring's recovery was even disputed at the hearing ('There is no dispute that Claimant . . . surrendered the ring upon being told what was sought' (Docket No. 53-1, at 4 of 6)); (2) the United States Government was not a party to the proceedings – rather the Tennessee Department of Safety was seeking to enforce its forfeiture claims at the hearing; and (3) the order of the administrative judge is on appeal.

(Docket No. 55, at 15-16 n. 1, in Case No. 3:09-00203).

Accordingly, the Petitioner's ineffective assistance of counsel claim regarding failure to impeach Detective Massey is without merit.

Petitioner also argues that trial counsel was ineffective for failing to challenge Count Three of the Indictment as duplicitous. Count Three provides as follows:

> On or about December 19, 2008, in the Middle District of Tennessee, CHARLES MOORE, JR., did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.
>
> In violation of Title 21, United States Code, Section 841(a)(1).

(Docket No. 1 in Case No. 3:09-00203).

By charging both cocaine and marijuana in Count Three, Petitioner argues, the Indictment impermissibly charges two separate crimes carrying separate punishment in one count. The Sixth Circuit has explained that an indictment is duplicitous if it "'joins in a single count two or more distinct and separate offenses.'" United States v. Campbell, 279 F.3d 392, 398 (6th Cir. 2002)(quoting Uited States v. Shumpert Hood, 210 F.3d 660, 662 (6th Cir. 2000)). The concern with a duplicitous count is that "a 'jury may find a defendant guilty on the count without having reached a unanimous verdict on the commission of any particular offense.'" Id. Charging multiple offenses in a single count "'prevent[s] the jury from convicting on one offense and

acquitting on another.'" Id.

The Sixth Circuit has made clear that an indictment charging more than one controlled substance in a single conspiracy count is not duplicitous because conspiracy is itself the crime. Id. (A single conspiracy may have as its objective the distribution of two different drugs without rendering it duplicitous). See also United States v. Woods, 187 Fed. Appx. 524 (6th Cir. June 29, 2006). Similarly, in this case, the crime charged is possession with intent to distribute controlled substances, and therefore, Count Three of the Indictment is not duplicitous. Thus, any challenge by trial counsel based on duplicity would not have been successful. See, e.g., Ludwig v. United States, 162 F.3d at 458 (Counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel).

The concerns raised by the Petitioner regarding the sentencing implications resulting from the particular drug involved are remedied by requiring a specific finding by the jury as to the particular drug or drugs involved. Had the Petitioner proceeded to trial, the Court would have instructed the jury to make such a unanimous finding, and would have implemented the instruction by including a question on the verdict form as to the type and amount of each drug involved.

To the extent the Petitioner contends that his guilty plea was not knowing and voluntary because both marijuana and cocaine were charged in Count Three, the record of the underlying criminal proceeding indicates that the Petitioner, in the Plea Agreement, specifically admitted to facts regarding specific amounts of both drugs. (Docket No. 59 in Case No. 3:09-00203). In any event, the Court notes that the Petitioner's Sentencing Guideline Range was driven by the firearm charge in Count One of the Indictment, rather than the drug charge in Count Three. (Presentence Investigation Report, at ¶ 29 (Docket No. 71 in Case No. 3:09-00203)). This claim is without

merit.[2]

## IV. Conclusion

For the reasons set forth herein, the Court concludes that the Petitioner's Motion To Vacate should be denied. Accordingly, this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

                                                    Todd Campbell
                                                  TODD J. CAMPBELL
                                                  UNITED STATES DISTRICT JUDGE

---

[2] Given the Court's determination that Petitioner's claims are without merit, it is unnecessary to address the Government's statute of limitations argument.